IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEMINI INSURANCE COMPANY | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| QUICK ROOFING, LLC | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
REQUEST FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GEMINI INSURANCE COMPANY ("Gemini"), and files this its Original Complaint against Quick Roofing, LLC ("Quick Roofing"), and would respectfully show the Court as follows:

**I.
PARTIES**

1. Plaintiff Gemini Insurance Company is a Delaware corporation with its principal place of business in Arizona. Pursuant to 28 U.S.C. § 1332(c)(1), Gemini is a citizen of Delaware and Arizona.

2. Defendant Quick Roofing, LLC is a Texas limited liability company organized under the laws of the State of Texas. Its only member is Jeffrey Quick. Mr. Quick is a citizen of the State of Texas. As such, for diversity purposes, Quick Roofing is a citizen of Texas.

**II.
JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b), because Quick Roofing is an entity subject to the court's personal jurisdiction in this district with respect to the civil action in question. Furthermore, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III.
## FACTUAL BACKGROUND

5.      Gemini provided liability insurance coverage to Quick Roofing under Gemini Policy No. VIGP013395 (the "Gemini Policy"), a commercial general liability policy effective from July 16, 2011 to July 16, 2012.[1]

6.      Quick Roofing was sued in a lawsuit styled *Trenton View, Ltd. and Abdala Kalifa v. Quick Roofing, LLC*, Cause No. C-8589-14-H, in the 389th Judicial District Court of Hidalgo County, Texas (the "Underlying Lawsuit").[2] The Underlying Lawsuit involves allegations that Quick Roofing is liable for alleged construction defects in the roofing systems of a commercial plaza in McAllen, Texas, and that these alleged defects caused water intrusion damages.

7.      Gemini is currently providing a defense to Quick Roofing against the claims in the Underlying Lawsuit pursuant to a reservation of rights.

8.      In the Underlying Lawsuit, the Plaintiffs assert the following allegations in their Second Amended Petition:

- Plaintiffs entered into an agreement with Quick Roofing in May of 2012 to reconstruct the roofing systems. (¶ 5.25).

- After Quick Roofing's subcontractor installed the roofs, they leaked. (¶¶ 4.3, 4.6, 4.9).

---

[1] A true and correct copy of Gemini Policy No. VIGP013395 is attached hereto as **Exhibit "A,"** and is incorporated by reference as if set forth fully herein.
[2] A true and correct copy of Plaintiffs' Original Petition, First Amended Petition, and Second Amended Petition in the Underlying Lawsuit are attached hereto as **Exhibits "B," "C,"** and **"D,"** respectively, and are incorporated by reference as if set forth fully herein.

- The leaking first began and was reported to Quick Roofing in 2013 and 2014. (¶¶ 4.3, 4.6, 4.9).

- The water intrusion caused damage to components and materials that predated Quick Roofing's contract. (¶¶ 4.3, 4.6, 4.9).

- On numerous occasions, Plaintiffs requested that Quick Roofing make repairs to stop the leaks, but it was unable to do so. After a multitude of leaks in various locations were ignored by Quick Roofing for many months, Plaintiffs conducted their own investigation. (¶¶ 4.3, 4.6, 4.9).

- Quick Roofing's subcontractor's failure to perform the work properly constituted a proximate cause of the leaks and resulting property damage. (¶¶ 4.4, 4.7, 4.10)

- Plaintiffs' investigation into the construction has revealed numerous defects that have led to substantial damage to Plaintiffs, including, but not limited to, physical damage to buildings, real property and damage to the work of others. (¶ 4.11).

- Plaintiffs further sue for inspection costs, repair costs, rebuild costs, and attorneys' fees. (¶ 4.14).

- There are numerous other construction defects and problems that have been discovered and continue to be discovered. (¶ 5.3).

- Defendant failed to repair these defects or concealed the defects and proceeded to ignore these defective conditions. (¶ 5.15).

- As a result of these defective conditions, the roofs must be disassembled and rebuilt. There are numerous other construction defects and problems which have been discovered and continue to be discovered. (¶ 5.26).

- Defendant breached the implied warranty for good and workmanlike repairs and modification with regard to ineffectual attempts to repair the buildings' roofing systems. (¶ 5.31).

- Plaintiffs have suffered serious and substantial damages including, but not limited to past, present, and future repair and reconstruction costs for property damage. (¶ 7.2).[3]

---

[3] *See* **Exhibit "D."**

9. Additionally, in discovery conducted in the Underlying Lawsuit, Quick Roofing responded to Interrogatory No. 3 of Plaintiffs' First Set of Interrogatories as follows:

**INTERROGATORY NO. 3:**

Identify and describe in detail all repairs that were completed by Defendant, your employees, agents, or other individuals hired by Defendant once you received notice from the Plaintiffs regarding the damage to the shopping center.

**ANSWER:**

On or about May 16, 2013 —leak repair
On or about May 29, 2013 — leak repair
On or about July 11, 2013 — leak repair
On or about August 28, 2013 — leak repair
On or about September 4, 2013 — leak repair
On or about September 17, 2013 — leak repair
On or about September 20, 2013 —leak repair
On or about October 22, 2013 — leak repair
On or about December 9, 2013 — leak repair
On or about December 26, 2013 — leak repair
On or about January 3, 2014 — leak repair
On or about June 20, 2014 — leak repair
On or about August 30, 2014 — leak repair
On or about September 3, 2014 — leak repair

10. Furthermore, an invoice from Quick Roofing dated January 10, 2013, indicates that a payment was made to Quick Roofing for its work on the project on July 25, 2012—nine (9) days after the expiration of the Gemini Policy, on July 16, 2012. As such, the leak repairs and any alleged water infiltration appears to have all occurred *after* the expiration of the Gemini Policy.

11. The Gemini Policy contains the following provisions that likely preclude any duty to defend Quick Roofing in the Underlying Lawsuit:

\*       \*       \*

1. **Insuring Agreement**

   a. **We will pay those sums that the insured becomes legally obligated to pay as damages because of … "property damage" to which the**

>   **insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages….**
>
>   **b.  This insurance applies to … "property damage" only if:**
>
>   **…**
>
>   **(2)  The … "property damage" occurs during the policy period; …**[4]

\*          \*          \*

## IV.
## DECLARATORY JUDGMENT

12.     An actual controversy exists between Gemini and Quick Roofing with respect to insurance coverage under the Gemini Policy. Gemini respectfully requests that this Court declare the rights, status, and legal obligations of the parties in connection with the facts set forth herein, the Underlying Lawsuit, the Gemini Policy, and established law.  Specifically, Gemini asks this Court for a declaration that it has no duty to continue to defend Quick Roofing in the Underlying Lawsuit.  Gemini further requests a declaration that Gemini has no duty to indemnify Quick Roofing for any future settlement or future judgment that may be entered in the Underlying Lawsuit.

13.     Because the Plaintiffs in the Underlying Lawsuit do not allege that property damage occurred while the Gemini Policy was in effect, and because the evidence establishes that no property damage occurred during the Gemini policy period, Gemini has no duty to defend or indemnify Quick Roofing.

14.     Gemini also seeks a declaration that the duty to defend Quick Roofing in the Underlying Lawsuit is precluded by the following exclusions:

---

[4] *See* **Exhibit "A."**

\* \* \*

2. **Exclusions**

 **This insurance does not apply to:**

 . . .

 j. **Damage to Property**

 "Property damage to:

 . . .

 (5) that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

 (6) that particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

 . . .

 k. **Damage to your Product**

 "Property damage" to "your product" arising out of it or any part of it.

 l. **Damage to Your Work**

 "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

 . . .

 m. **Damage to Impaired Property or Property Not Physically Injured**

 "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

 (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work";

 \* \* \*

6

## V.
## JURY DEMAND

15. Gemini demands a trial by jury for all issues of fact and tenders the appropriate fee with this complaint.

## VI.
## CONDITIONS PRECEDENT

16. All conditions precedent have been legally satisfied.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, GEMINI INSURANCE COMPANY asks for judgment against Defendant Quick Roofing, LLC for:

a) A declaration that no duty to defend or indemnify Quick Roofing in connection with the Underlying Lawsuit exists or has ever existed under the Gemini Policy;

(b) Recovery of reasonable and necessary attorneys' fees and costs incurred in prosecuting this action;

(c) Costs of Court;

(d) Prejudgment and post-judgment interest as provided by law; and

(e) For such other and further relief to which Gemini may show itself justly entitled.

Respectfully submitted,

**RYMER, ECHOLS, SLAY
& NELSON-ARCHER, P.C.**


By:  */s/ Nathan M. Rymer*
      Nathan M. Rymer
      State Bar No. 00792814
      Federal ID No. 18902
      nrymer@resnlaw.com
      2801 Post Oak Blvd., Suite 250
      Houston, Texas 77056
      Telephone: (713) 626-1550
      Facsimile:  (713) 626-1558

ATTORNEY-IN-CHARGE FOR  PLAINTIFF
GEMINI INSURANCE COMPANY